[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULINGS ON OUTSTANDING MOTIONS
I have thoroughly reviewed the entire file as well as the arguments and authority cited by counsel and I come, perhaps somewhat reluctantly, to the following conclusions:
1. The objections to the request to amend the complaint, #131 and #132, are sustained in part. A significant problem in coming to grips with the file is that the initial requests to revise were never objected to or complied with. There is, then, no established "base line" pleading from which to consider the proposed amendments. I am therefore sustaining the objections, but without prejudice to renew the request to amend — but not in the same form in the future. My aforementioned reluctance lies in moving backward in the pleadings, but I see no more satisfactory logical way to proceed. A revised complaint fully and completely complying with the prior requests to revise is to be filed no later than April 15, 2003, and no additional or "new" material is to be included therein. When it has been established that the requests to revise have been complied with, the plaintiff may request to amend the complaint by identifying specific paragraphs sought to be added, deleted and/or amended.
2. The objections to add Anna Squillante as an intervening party (#130, #133) are sustained in part on the same terms as apply to the objections to amend the complaint. After the requests to revise are complied with, the plaintiff may request intervention. At that time the matter will be reconsidered.
3. The "request to take judicial notice" was decided at oral argument.
4. Judge Sheldon has agreed to undertake a mediation. Scheduling will be arranged through caseflow.
Beach, J. CT Page 4233